IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

MECLYAH DARRELL DANLEY, :
　　　　　　　　　　　　　　　　:
　　　Plaintiff, :
　　　　　　　　　　　　　　　　:
vs. :
　　　　　　　　　　　　　　　　: CIVIL ACTION 13-0081-M
CAROLYN W. COLVIN, :
Commission of Social Security, :
　　　　　　　　　　　　　　　　:
　　　Defendant. :

ORDER

This action is before the Court on Plaintiff Meclah Darrell Danley's Motion to Alter, Amend or Vacate the order and judgment entered September 27, 2013, denying claims for disability insurance benefits and Supplemental Security Income (Doc. 33). Plaintiff brings this Motion under Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 52(b).

However, a "'Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005)), *cert. denied*, 552 U.S. 1040 (2007). Therefore, in order to prevail on his Motion, Plaintiff must identify "'newly-discovered evidence or manifest errors of law or fact.'"

1

*Arthur*, 500 F.3d at 1343 (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999).

In his Motion, Plaintiff identifies no newly-discovered evidence. Rather, Danley is bringing arguments previously raised. Though pressing the Court to accept his argument that a manifest error of law has been committed, Danley is, simply, wrong.

Plaintiff argues that "the 'Commissioner' the 'Appeals Council' and the 'ALJ' are all the Defendant [sic] in this matter and as such when Plaintiff contends the Commissioner or the ALJ or the Defendant he is referencing all entities of the Defendant" (Doc. 33, p. 1, ¶ 2(a)). While Danley may use these terms interchangeably, the law does not. As noted in the Court's opinion, if Plaintiff wishes to challenge an action of the Appeals Council, the Appeals Council must be specifically named in the claim (*see* Doc. 31, p. 11 n.10). Danley did not do so.

The Court would further note, however, that the specific evidence Danley asserts should have been considered was generated on December 13, 2012 (Tr. 377), more than two months after the ALJ's decision was entered on October 4, 2012 (Tr. 23). As such, it was filed too late and fails to meet the standard for considering new evidence as Plaintiff has failed to demonstrate that "the evidence is 'material,' that is, relevant

and probative so that there is a reasonable possibility that it would change the administrative result." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).  The "new evidence" is, at best, cumulative to other evidence of record and provides nothing new and material that demonstrates that Danley is unable to work (Tr. 377).  The evidence does not claim that Danley is disabled and falls far short of demonstrating it.

Therefore, the Plaintiff's Motion to Alter, Amend or Vacate (Doc. 33) is **DENIED**.

DONE this 1st day of October, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

3